O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY FONTANA, | ) Case No. CV 14-1137-DMG (KK) |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER GRANTING PETITIONER'S |
| | ) MOTION TO WITHDRAW HABEAS |
| CONNIE GIPSON, | ) CORPUS PETITION |
| Respondent. | ) |
| _____ | ) |

Petitioner Anthony Fontana, proceeding pro se, has filed a Motion to Withdraw his Habeas Corpus Petition.  As discussed below, this Court GRANTS the Motion and orders the instant action DISMISSED without prejudice.

**I.**

**PROCEDURAL BACKGROUND**

On June 5, 2014, Anthony Fontana ("Petitioner"), a California state prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254(d), challenging the sentence imposed for his 2011 convictions for burglary, petty theft with a prior, and robbery, in Riverside County Superior Court.

1  On October 2, 2014, Respondent filed an Answer and an accompanying
2  Memorandum of Points and Authorities ("Mem."), contending the Petition should
3  be dismissed as untimely under 28 U.S.C. § 2244(d)(1).  (Dkt. 20; 21).   On
4  November 19, 2014, the Court issued a Report and Recommendation that the
5  Petition be dismissed as untimely.

6  On December 16, 2014, Petitioner filed a Motion to Withdraw Habeas
7  Corpus Petition ("Motion").  (Dkt. 26).  Respondent has not filed an opposition to
8  the Motion.

## II.

## DISCUSSION

In general, a Petitioner may voluntarily dismiss an action without leave of
court before service by the adverse party of an answer or motion for summary
judgment.  Fed. R. Civ. P. 41(a).  Otherwise, an action shall not be dismissed
except "upon order of the court and upon such terms and conditions as the court
deems proper."  Fed. R. Civ. Pr. 41(a)(2).

A motion for voluntary dismissal pursuant to Federal Rule of Civil
Procedure 41(a)(2) should be granted unless a defendant can show that it will
suffer some plain legal prejudice as a result of the dismissal.  See Smith v.
Lenches, 263 F.3d 972, 975 (9th Cir. 2010); see also Stevedoring Svcs. Of
America v. Armilla Int'l B.V., 889 F.2d 919, 921 (9th Cir. 1989) (stating the
purpose of Rule 41(a)(2) is "to permit a plaintiff to dismiss an action without
prejudice so long as the defendant will not be prejudiced . . . or unfairly affected by
dismissal.").  "[L]egal prejudice does not result merely because the defendant will
be inconvenienced by having to defend in another forum or where a plaintiff would
gain a tactical advantage by that dismissal."  Smith, 263 F.3d at 976 (citation
omitted).  Rather, legal prejudice is limited to "'prejudice to some legal interest,

2

1     some legal claim, some legal argument.'" Id. (quoting Westlands Water Dist. v.

2     United States, 100 F.3d 94, 96 (9th Cir. 1996).

3         Here, Respondent has not filed an opposition to the Motion.  Nor has

4     Respondent suggested she will be legally prejudiced should the Court grant the

5     Motion.  Thus, under the instant circumstances, the Court concludes Respondent

6     will not be legally prejudiced by the dismissal of this action, and therefore orders

7     Petitioner's Motion be GRANTED.

8                        **III.**

9                    **ORDER**

10         IT IS THEREFORE ORDERED that: (1) Petitioner's Motion for Voluntary

11     Withdrawal of the Petition is GRANTED; and (2) the Petition is DISMISSED

12     without prejudice.

13         Petitioner is forewarned that there is a one-year limitations period in which a

14     federal petition for writ of habeas corpus must be filed.  28 U.S.C. § 2244(d)(1). In

15     most cases, the one-year period begins to run at the conclusion of direct review. Id.

16     The limitations period is tolled while a properly filed request for collateral review

17     is pending in state court.  28 U.S.C. § 2244(d)(2); Nino v. Galaza, 183 F.3d 1003,

18     1006 (9th Cir. 1999), cert. denied,529 U.S. 1104, 120 S. Ct. 1846, 146 L. Ed. 2d

19     787 (2000).  However, the limitations period is not tolled for the time such ///

20     ///

21     ///

22     ///

23     ///

24     ///

25     ///

26     ///

27

28

1   an application is pending in federal court.  <u>Duncan v. Walker</u>, 533 U.S. 167, 181-

2   82, 121 S. Ct. 2120, 150 L. Ed. 2d 251 (2001).

3

4   DATED:  January 30, 2015

5                                                                        _____

6                                                                        DOLLY M. GEE
                                                                         UNITED STATES DISTRICT JUDGE
7

8   Presented by:

9

10

11  _____
    Kenly Kiya Kato
    UNITED STATES MAGISTRATE JUDGE
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4